Arlington, S.
This preceding was begun to procure a final settlement of the accounts of Mortimer F. Reynolds, as executor of the will of the above-named testator In his account as filed the executor claims title to all personal property belonging to the decedent at his death, which was then in and upon the Arcade property in the city of Rochester, N. Y., consisting of' money, bank deposits, securities and accounts. He asserts ownership in all such property by virtue of the bequest contained in the third subdivision of the will of Aoelard Reynolds, the testator, which portion of said will, with certain other parts thereof,, is hereinafter, set forth. The amount of property so claimed by the executor is of the value of upwards of $12.000. The grand-daughters of the decedent, Mrs. Kenyon and Mrs. Shepard, the residuary legatees under said will, contest this claim of the executor, and insist that the bequest to Mortimer F. Reynolds of all the furniture and personal property, as set forth in said third sub-division of the will, carries only such personal property in addition to furniture as naturally and properly belongs with the Arcade building and is ordinarily used in connection with the same to render it fit for occupation. In other words, the contestants maintain that the words “personal property” in the bequest, must be construed according to the rule of ejusdem generis. The executor, on the other hand, contends that these words, “personal property,” are to have their broadest and largest meaning; and, on his behalf, it is further insisted that, by excepting out of the operation of the words “all other personal property,” in the second subdivision of the will, whatever comes under the head of money, choses in action and securities, and by not annexing similar restrictive words to the bequest of personal property in the third subdivision above referred to, the testator thereby indicated his intention to give to the words “personal property” in the latter, their largest and most comprehensive sense.
*727 The following are the only portions of the will material to be considered in this discussion:
Second. I give and bequeath to my said wife all the provisions and supplies of every kind which may be on hand at my said homestead at the time of my decease, and the use during her life of all household furniture, goods, carriages, harness and all other personal property (other than money, clioses in action and securities) which shall be in or upon the premises at my said homestead or habitually kept there at the time of my decease. •
Third I give, devise and bequeath to my son, Mortimer F. Reynolds, my property situated upon West Main (formerly Buffalo) street, in said city of Rochester, extending through to Exchange place, in the rear, known as Reynolds Arcade, including" also East Arcade, so called, with all the lands, buildings and appurtenances thereunto belonging, or in any wise appertaining, and including all the furniture and personal property in and upon the same, or in any manner connected therewith, to have and to hold the same to his own use and benefit forever, subject, however, to the payment of the following sums, which are hereby made a distinct charge thereon, viz An annuity of $3,000 to my said wife, to be paid to her in four equal quarterly payments from and after my decease in each year, during the continuance of her natural life. Also, the sum of $50,000, with annual interest thereon, from the time of my decease, to my grand daughter, Clara L. Amsden, and the like sum. of $50,000, with like interest, to my grand-daughter, Sophia C. Strong, to be paid to them respectively, as follows, viz., in annual installments of at least $10,000 per annum to each of them, to be applied first to the payment of the interest which may be then due, and the residue upon the principal until the whole is paid, the first installment to be paid at the expiration of one year irom the time of my decease, with the privilege, however, of paying a greater amount at any time, to the extent of all that may remain due and unpaid
Fifth I give, devise and bequeath all the rest, residue and remainder of my estate, both real and personal, to my said son and executor. Mortimer F Reynolds, in trust, to sell and dispose of the same and convert the whole into money, or into good and safe securities, and out of the proceeds to pay first, to my grand daughter, Sophia C. Strong, a sum which, when added to the advances made to her either by myself or my deceased son, William A Reynolds, in his lifetime, and now charged upon my books, shall be equal to the advances similarly made to my grand daughter, Clara L Amsden, also charged upon my books, and after such payment, to pay to himself or retain out of the residue of such proceeds a sum which, when added to the sum charged as advanced against him, the said Mortimer F. Reynolds, upon my books, shall be equal to the sum so advanced to each of my granddaughters The remainder of the trust fund to be realized from the sale herein directed, to be divided equally between my two grand daughters, one-half to each The furniture and personal property, the use of which is given in connection with the homestead to my wife, is not, however, to be sold, in case she accepts the provision herein made for her benefit, until after her decease, and whenever sold, the avails are to be divided equally between my said grand-daughters
No New York cases, bearing upon the question here presented, were cited on the argument herein and I have myself found none, but cases construing language more or less similar to that used by this testator are found in the reports of other states of the union, and of England. Although the decisions are conflicting, and, at first glance, irreconcilable, yet a careful examination of them will show that, for the most part, they fall within one or the other of the following classes, namely:
First. Oases in which the will to be construed had no residuary clause, and the court has given an extensive signification to the general words of the bequest, for the *728 evident purpose of avoiding intestacy as to any part of the decedent’s estate.
Second. Cases in which the will, in addition to the disputed bequest, also contained a residuary clause, to which the court has given effect by applying the principle of ejusdem generis to the general words, because to hold that the latter were to have their largest meaning would render the residuary provision inoperative by leaving no property on which it could take effect.
Third. Cases in which the technical rule, that general words preceded, or followed, by special words are to be limited to things ejusdem generis has been applied without special regard to the intent of the testator. This principle .of decision will probably not be followed by any court of the present day.
Fourth. Cases in which the courts have endeavored, within well-recognized general principles of construction,, but otherwise unhampered by strictly technical rules, to ascertain from the whole instrument the intention of the testator and to give it effect. Omitting from the third sub-division of the present will such parts thereof as are not material to this discussion, it will read as follows, namely:
“I give, devise and bequeath to my son, Mortimer F„ Reynolds, my property in Rochester, known as Reynolds Arcade, including, also, East Arcade, with all the lands, buildings and appurtenances thereunto belonging, and all the furniture and personal property in and upon same or in any manner connected therewith.”
Under the first principle deduced from the cases, and above stated, this provision, standing alone, would clearly carry all personal property found in and upon the Arcade, at the testator’s death. There is, however, a residuary clause in this will, viz., the fifth sub-division thereof, which disposes of personal property, and the case will therefore fall under the second or fourth of the classes above made. It appears from the inventory that, with the exception of bad and doubtful accounts and advances charged on his books, the testator left no personal property of any value, besides what was in and upon the Arcade, at his death, and had usually been kept there for a long time prior thereto; and what was in use at his dwelling house: and which was given to his wife for life by the second subdivision of the will.
The last paragraph of said sub-division five substantially directs that this personal property at the homestead should be sold, after the death of the wife of the testator, and the proceeds equally divided between his two grand-daughters. The first part of this residuary clause devises and bequeaths- *729 all the rest, residue and remainder of the estate, both real and personal to the executor, in trust, to sell and use the proceeds; first, to equalize certain advancements charged on the testator’s books and afterwards to divide the remaining fund equally between his two grand-daughters afore • said.
It, therefore, plainly appears from these residuary provisions that the testator supposed there would be personal property remaining undisposed of after setting aside that which is bequeathed by the second and third clauses of his will; and to provide for the distribution of that unbequeathed personalty, he gave the specific directions contained in said subdivision five.
I think, therefore, from the whole will it was apparently the intention of testator to give to his son, with the Arcade, all the furniture and other personal property connected with the same and suitable and appropriate for use therewith. And I must hold that the words “personal property” are to be restricted in their meaning accordingly. The executor, therefore, will take under the bequest in the third subdivision of the will the property referred to in the inventory as “in Arcade, inner office, valued at $521; in Arcade, outer office, valued at $240.50; in Arcade, in cellar, valued at $56; in Arcade, in shop, valued at $166; in Arcade, scattering, valued at $80; while the money, evidences of deposit, securities, choses in action and other personal property, referred to in the inventory as in and upon the Arcade, will be distributable in accordance with the directions of the fifth subdivision of the will.
I do not think that any special stress is to be put upon the fact above referred to, that certain articles of personal -property are excepted out of the operation of the bequest in the second clause, while that in the third clause is not so restricted. It may well be that the learned judge who drew the will added the words “other than money, choses in action, and securities,” in the second clause to enlarge the meaning of the preceding words “ all other personal property” in accordance with the decision. Hotham v. Sutton, 15 Vesey, 319. If the bequest in the second clause had ended with the words “personal property,” no plainer case could have been found for the application of the rule that general words in a bequest following a specific enumeration of articles in a particular locality will be confined to articles ejusdem generis. Gibbs v. Lawrence, 30 Law Journal (N. S.) Eq., 170; Beardsley v. Hotchkiss, 96 N. Y., 212. It may be further said that if it was intended by the words “personal property” in the third clause to carry all property of every kind and nature in and upon the Arcade, *730 answering the description of personalty, a strict and accurate use of language would not have required the insertion therein of the word “furniture,” for furniture is personal property always, and would be effectually bequeathed by the general words. The property not herein held to be covered by the bequest to the executor in said third clause of the will must, therefore, be accounted for in this proceeding. Further hearing may be had on five days’ notice to parties interested.